**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**MINISTER RICKEY WILSON**                                     **PLAINTIFF**

**VS.**                                 **CIVIL ACTION NO. 3:06CV31LS**

**MARIA POND**                                                **DEFENDANT**

## ORDER

This matter came before the court on a review of the docket, which revealed several Motions filed by both sides to this lawsuit. As the court has stated from the earliest stages of this matter, its primary concern is whether the court has jurisdiction over this matter. The Plaintiff has opposed any suggestion that jurisdiction does not exist, citing several statutes that do not apply to his case. Because he is not represented by counsel, the court has assisted the Plaintiff in causing process to be served. It has also attempted, in all fairness, to avoid dismissing his case because jurisdiction might yet be shown. However, the court is also mindful of the expense to a charitable organization and its employees of permitting a meritless suit to continue. Therefore, if the court does not have jurisdiction over this case, fairness to the Defendant demands that it be dismissed at the earliest opportunity.

Therefore, before the Case Management Conference is held on August 25, the court would like the opportunity to examine any evidence that shows whether or not it has jurisdiction over this matter. As explained to the Plaintiff earlier, 28 U.S.C. § 1332 does not apply here, as that statute only involves cases between people from different states. He also cites 28 U.S.C. § 1343, which provides for federal jurisdiction over civil rights cases. However, the basis for civil rights claims is 42 U.S.C. § 1983, which prevents civil rights violations by any "person who, under color of any

statute, ordinance, regulation, custom or usage of any State or Territory" deprives a person of his constitutionally guaranteed rights. Thus, to come under this statute, the person sued must be acting on behalf of the state. That does not appear to apply in this case, as the Defendant was acting on behalf of a private, charitable entity.

Another civil rights-type statute, 42 U.S.C. § 2000d, prevents the exclusion of any person from a federally funded program on grounds of race. If My Father's House received financial assistance from the federal government, that fact might provide a basis for jurisdiction. (It is not clear at this point how this statute would apply to a suit against an individual employee.) The Defendant has moved to dismiss on jurisdictional grounds, and her pleading indicates that the organization is not federally funded. She has attached a letter confirming the organization's status under § 301(a) of the Internal Revenue Code; however, the court is of the opinion that this letter is not dispositive of the issue.

If the Plaintiff was represented by an attorney, his attorney would likely demand more evidence regarding the sources of funding for My Father's House. Therefore, in a last effort to be fair to the Plaintiff (who continues to refer to the court's rulings as evidence of its "Jim Crow" bias) the court will require the Defendant to produce evidence of the source of funding for My Father's House. The Plaintiff will then be permitted to submit any argument opposing that evidence. In the meantime, the Plaintiff's various pending motions arguing in favor of jurisdiction and opposing the Defendant's pleadings, which merely re-state earlier arguments that have been rejected by the court for lack of legal grounds, will be denied.

Also before the court is a Motion to Withdraw Answer filed by an attorney who was contacted shortly after process was served by a member of the Board of Directors of My Father's

House of Freedom, Inc. That attorney filed an Answer on behalf of the Defendant without knowing that she had actually retained another lawyer to represent her, who has also submitted a response to the Complaint. Under these circumstances, the court finds that the Motion to Withdraw Answer has merit and should be granted.

IT IS, THEREFORE, ORDERED that the Plaintiff's Motions to Strike, Motion for Jurisdiction, and Motion Traverse to the Return are hereby **denied.**

IT IS FURTHER ORDERED that the Defendant shall supplement her Motion to Dismiss or, in the Alternative, for Summary Judgment, by an affidavit or other sworn evidence showing the sources of funding for My Father's House. That supplementation shall be filed and served on or before August 11, 2006. The Plaintiff may submit any opposing evidence on or before August 18, 2006.

IT IS FINALLY ORDERED that the Motion to Withdraw Answer is hereby **granted**.

IT IS SO ORDERED, this the 3rd day of August, 2006.

                                              S/James C. Sumner  
                                    UNITED STATES MAGISTRATE JUDGE