```
               UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF MISSISSIPPI
                      JACKSON DIVISION


MINISTER RICKEY WILSON                                 PLAINTIFF

VS.                                 CIVIL ACTION NO. 3:06CV31LS

MARIA POND                                             DEFENDANT
```

### MEMORANDUM OPINION AND ORDER

Defendant Maria Pond has moved to dismiss and for summary judgment asserting a lack of subject matter jurisdiction. Plaintiff Minister Rickey Wilson opposes the motions. Based on the following, the court concludes that jurisdiction is lacking and that the case must be dismissed.

Defendant Maria Pond (now Maria Hamblin) is the executive director of My Father's House of Freedom, Inc. (My Father's House), which she describes as a private, non-profit charitable organization which operates a "half-way" house for people attempting to make the transition from inpatient substance abuse treatment to living independently, clean and sober. On December 9, 2005, plaintiff Rickey Wilson was a resident of the half-way house operated by My Father's House. Plaintiff, who is black, claims that around 1:00 a.m. that morning, two white residents of the facility, "Mr. Bill" and "Mr. Corey," woke him and told him he was snoring too loudly. Plaintiff alleges they used racial slurs and threatened to kill him, whereupon, in fear for his life, he retrieved a kitchen knife to protect himself, and telephoned Maria

Pond (now Maria Hamblin), the administrative director, to tell her what had happened.  She suggested he would be safe sleeping in the living room, and advised she would address the situation when she came to work.  The following day, Hamblin, who is white, discharged plaintiff from the home, ostensibly because he violated house rules by having a weapon.

Plaintiff subsequently filed this lawsuit against Hamblin, charging that she discriminated against him on account of his race by discharging him, and yet allowing Mr. Corey and Mr. Bill to stay despite their having threatened him.  On July 21, 2006, defendant filed a motion to dismiss and a separate motion for summary judgment, requesting dismissal of this case based on a lack of subject matter jurisdiction.  Plaintiff responded by filing a number of motions seeking to show that this court has jurisdiction.

In an order dated August 3, the magistrate judge recognized that both sides had filed a number of motions, and observed that a primary concern of the court from the earliest stages of this litigation has been whether the court has jurisdiction over this matter.  The magistrate judge explained that the statutes cited by plaintiff in his complaint and various other submissions to the court did not provide a basis for federal jurisdiction over his case.  His explanation in that regard bears repeating:

First, notwithstanding plaintiff's repeated insistence, there is no basis for an exercise of diversity jurisdiction over this cause.  Diversity jurisdiction, as provided for by 28 U.S.C. § 1332, is proper only where the plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000.  Neither requirement is met.  The amount in controversy disclosed by the complaint does not exceed $75,000 and the parties are not citizens of different states.  Both the plaintiff and the defendant are citizens of Mississippi.

Nor may plaintiff properly rely on 28 U.S.C. § 1343 as a basis for federal jurisdiction over this case.  That statute provides for jurisdiction over certain cases where an individual's civil rights have been violated by a person acting under color of state law.  As the magistrate judge has explained, however, to come under this statute, the person sued must be acting on behalf of the state.  Maria Pond was a private individual acting on behalf of a private, charitable entity, with no state involvement of any sort.

The magistrate judge did note that 42 U.S.C. § 2000d prevents the exclusion of any person from a federally funded program on grounds of race, and observed that "[i]f My Father's House received financial assistance from the federal government, that fact might provide a basis for jurisdiction" (though perhaps not if the defendant were an individual employee).  He thus required

3

defendant to submit proof as to the sources of funding for My Father's House, and gave plaintiff an opportunity to challenge any such proof.  In response, defendant submitted affidavits from herself, as executive director of My Father's House, and from James Hitt, president of My Father's House, each of whom attests that My Father's House receives no federal funds and has not received any state or federal funds since its inception on March 3, 1998, and is instead supported solely by private contributions and minimal payments from residents who agree to their rules and who want help with their substance abuse problems.  Defendant has provided as supporting documentation the 2004 Exempt Organization tax return for My Father's House, which includes, among other things, an attachment itemizing all income received by My Father's House.  All such income is reflected as consisting of donations from private individuals and resident fees.

In plaintiff's reply to defendant's submission, plaintiff declares that the affidavits supplied by defendant are not credible or complete and do not prove beyond a reasonable doubt that My Father's House receives no federal funding.  He insists that he needs additional information from defendant regarding funding of My Father's House to support his claim that jurisdiction exists.  He thus requests that this court order defendant to come up with information relating to, among other things, lobbying expenditures, and affiliates, taxable

4

subsidiaries, disregarded entities and partners of My Father's House.[1]  Having reviewed defendant's submission itself, the court is of the opinion that it is as complete as needed to support defendant's affidavits attesting to the fact that funding of My Father's House is entirely private.  From this it follows that there is no basis for federal jurisdiction over plaintiff's claims herein.

Accordingly, it is ordered that plaintiff's complaint is dismissed for lack of subject matter jurisdiction.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 23rd day of August, 2006.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[1] It appears plaintiff has scrutinized the tax return form submitted by defendant looking for any omissions that he believes could potentially prove helpful to his cause.